IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Albert S. Kelly, #277334, a/k/a Albert S. Kelley, a/k/a Albert Santanieo Kelley, a/k/a Albert Santanieyo Kelley, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Q.H.M.P. Miss Miley, Miss Gaston, Miss Rollins, Miss Newborn, )<br><br>Defendants. ) | Case No.: 4:26-cv-02109-JD-TER<br><br>**ORDER** |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Thomas E. Rogers, III, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). (DE 7.) The Report recommends denying Plaintiff Albert S. Kelly's Motion for Leave to Proceed in Forma Pauperis (DE 2) under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and allowing Plaintiff fourteen days to pay the full $405 filing fee.[1] The time for filing objections has expired, and no objections have been filed.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## A.    Background

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against four employees of the South Carolina Department of Corrections. (DE 1.) He also moved for leave to proceed without prepaying the filing fee. (DE 2.)

The Report concludes that Plaintiff accumulated at least three qualifying dismissals before commencing this action: *Kelly v. McGraw*, No. 4:11-cv-557-TLW; *Kelly v. Sharp*, No. 4:17-cv-1581-JMC; and *Kelly v. Terry*, No. 4:26-cv-115-JD. The Report further concludes that the Complaint does not allege sufficient facts showing that Plaintiff faced an imminent danger of serious physical injury when he filed this action. (DE 7.)

The Clerk mailed the Report to Plaintiff at Broad River Correctional Institution. (DE 8.) The mailing was not returned, and Plaintiff filed no objection or other response. The matter is therefore ready for disposition.

## B.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at

2

the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C.     Discussion

Although no objections were filed, the Court has independently reviewed the Report, the Complaint, the docket, and the relevant orders from the prior actions identified in the Report. Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepaying the filing fee if, on three or more prior occasions while incarcerated, the prisoner brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim. The bar does not apply when the prisoner is under imminent danger of serious physical injury. A qualifying failure-to-state-a-claim dismissal counts whether entered with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

The Court agrees that the dismissals in No. 4:11-cv-557-TLW and No. 4:26-cv-115-JD qualify as strikes. The former was dismissed under § 1915(e)(2)(B) because the allegations did not state a cognizable federal claim. The latter was dismissed under §§ 1915(e)(2)(B) and 1915A because the complaint did not allege facts permitting a reasonable inference that any named defendant personally violated Plaintiff's constitutional rights.

3

The dismissal in No. 4:17-cv-1581-JMC also qualifies. The district court's adoption order inaccurately described the Report in that case as recommending dismissal for failure to prosecute. But the operative portion of the order expressly adopted and incorporated the Report and dismissed the complaint "for the reasons articulated by the Magistrate Judge." The incorporated Report conducted merits screening under §§ 1915(e)(2)(B) and 1915A, found that Plaintiff alleged no personal involvement by the named defendants and sought relief that did not implicate a constitutional right, and recommended summary dismissal for failure to state a cognizable constitutional claim. The isolated misdescription in the adoption order does not change the substantive ground the district court adopted. That action, therefore, counts as a strike under § 1915(g).

Accordingly, Plaintiff had accumulated at least three qualifying strikes before filing this action on May 28, 2026. He may proceed *in forma pauperis* only if the Complaint plausibly alleges that he faced an imminent danger of serious physical injury at the time of filing.

The Complaint does not satisfy that exception. Plaintiff describes events occurring at several institutions over an extended period, generalized harassment, and confinement in solitary housing. But he does not allege sufficient, specific facts identifying a contemporaneous threat of serious physical injury when this action was filed. *See Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022). The allegations, therefore, do not permit Plaintiff to avoid the three-strikes bar.

4

The Court has also considered the limited prefiling injunction entered in No. 4:26-cv-115-JD. That injunction does not independently bar this action, and the Court does not rely on it in deciding Plaintiff's motion. The present ruling rests solely on § 1915(g).

The Court, therefore, finds no clear error in the Report's recommendation that the Motion for Leave to Proceed in Forma Pauperis be denied. Plaintiff must prepay the $350 statutory filing fee and the $55 administrative fee before this action may proceed.

## D.    Conclusion

Accordingly, the Court ADOPTS the Report and Recommendation (DE 7), as supplemented by this Order. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (DE 2) is DENIED.

Plaintiff shall pay the full $405 filing fee within fourteen (14) days after entry of this Order. If Plaintiff timely pays the fee, the Clerk shall return the matter to the Magistrate Judge for further proper-form and initial review. No summons shall issue, and no service shall be authorized unless and until the fee is paid and the Magistrate Judge completes the required screening.

If Plaintiff fails to pay the full filing fee or timely move for an extension within the period stated above, the Clerk shall submit the matter to the Court for dismissal without prejudice and without issuance and service of process. No judgment shall enter, and the case shall remain open, unless and until the Court enters a further order.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 31, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).